Original,
No. 5151.

## Roland Dixon v. State.

Argued September 4, 1963.
Decided September 30, 1963.

*Griffin, Harrington, Brigham & Taylor* (*Mr. Charles J. Griffin* orally), for the plaintiff.

*William Maynard,* Attorney General and *Alexander J. Kalinski,* Assistant Attorney General (*Mr. Kalinski* orally), for the State.

KENISON, C. J. It is familiar law, frequently reiterated, that certiorari will not be granted where an adequate remedy is available on appeal. *State* v. *Knowlton,* 102 N. H. 221, 223; *Salem Cooperative Bank* v. *Southwick,* 102 N. H. 1, 3; *Nashua* v. *Public Utilities Commission,* 101 N. H. 503, 506; *Waisman* v. *Manchester,* 96 N. H. 50, 52. It is true that this rule does not operate with monolithic inflexibility and an exception can be made where there are compelling reasons to do so in the interests of justice. An example is *Cloutier* v. *State Milk Control Board,* 92 N. H. 199, 203, where certiorari was allowed to review an administrative order during a war-time emergency after the right of appeal had expired through no fault of the petitioner. *Nashua* v. *Public Utilities Commission, supra,* 507.

In the present case the plaintiff concedes that RSA 599:1 (supp) grants a right of appeal to the Superior Court with a trial de novo but contends that remedy is inadequate, unsatisfactory and unconstitutional. This contention was expressly considered and specifically rejected in *Riendeau* v. *Milford Municipal Court,* 104 N. H. 33. "We are of the opinion that our present system by which a defendant aggrieved by a sentence in a municipal court can obtain a new trial in the Superior Court and transfer therefrom to this court all questions of law (unless the municipal court in its discretion has transferred such a question directly to this court) meets the requirements of our Constitution." *Riendeau* v. *Milford Municipal Court, supra,* 35.

The plaintiff claims that the refusal of the municipal court to transfer his exceptions to the admission of evidence and his motion to dismiss is both arbitrary and erroneous. In 1957 it was decided that the transfer and certification of questions of law to the Supreme Court in criminal cases was discretionary with the municipal court. *State* v. *Deane,* 101 N. H. 127, 130. In 1962 the decision in *Deane* was reaffirmed in *Riendeau* v. *Milford Municipal Court,* 104 N. H. 33, 34. In 1963 these

cases were followed in *State* v. *Sukoff*, 105 N. H. 70. These decisions are controlling in this proceeding. Upon the record, briefs and argument in this case we can find no occasion for the issuance of a writ of certiorari compelling the Rye municipal court to transfer or certify the plaintiff's exceptions to this court.

*Petition dismissed.*

All concurred.