Original
No. 7796

JOHN A. KING

v.

MELDRIM THOMSON, JR.

AND

NEW HAMPSHIRE BOARD OF PROBATION

April 13, 1979

*Brown & Nixon P.A.*, of Manchester (*Stanley M. Brown* orally), for John A. King.

*Wiggin & Nourie*, of Manchester (*T. William Bigelow* by brief) for Meldrim Thomson, Jr.

*Thomas D. Rath*, attorney general and *Jeffrey R. Cohen*, attorney (*William A. Glahn, III*, assistant attorney general, orally), for the State, as amicus curiae.

LAMPRON, C.J.   This is a petition for a writ of certiorari under RSA 490:4 seeking an order that the State pay the balance of legal fees and expenses owed by the plaintiff to his counsel. These expenses were incurred when the plaintiff, as a State official, defended himself against an unsuccessful proceeding under RSA 4:1 (1970) (*amended* Cum. Supp. 1978), to remove him from office. Although the State, as such, is not a party before us, an agency of the State, the New Hampshire Board of Probation, is a party defendant. RSA 507:8 (Supp. 1977). The removal proceeding was brought by the board of probation. The attorney general asserts, however, that the State was a party

acting through the board of probation. The attorney general's office has appeared and represented the interests of the State of New Hampshire. Because it has fully argued the case and agreed that it was acting through the board of probation, we consider the State, not the former Governor or the board, to be the party defendant before us. For the reasons elaborated upon below, we grant the petition as against the State of New Hampshire.

On March 10, 1977, the New Hampshire Board of Probation filed a petition with the Governor and Executive Council seeking the removal of the director of probation, John King. RSA 4:1 (1970) (*amended* Cum. Supp. 1978) requires cause for the removal of an official, prior notice, and a hearing before the Governor and Council. Meldrim Thomson, Jr., then Governor, recused himself from presiding over the proceeding. *See King v. Thomson*, 116 N.H. 838, 367 A.2d 1049 (1976). Senate President Alf E. Jacobsen, as Acting Governor, presided over the hearing, which consumed fifty days over the course of nearly a year. The Acting Governor and Executive Council denied the removal petition of the board of probation. Councilor Bernard Streeter, Jr., took no part in the proceeding.

The board of probation, as the supervising authority of a State department, is represented by the office of the attorney general. RSA 7:8. Due to the attorney general's representation of the Acting Governor and Executive Council in the removal proceedings, it became necessary to retain private counsel for the board. Under the provisions of RSA 7:12, a private law firm was employed. Authorizations were made and at the end payments totaled $73,436.45. Director King also filed a petition under RSA 7:12, seeking the Acting Governor's and Executive Council's approval to have the attorney general hire private counsel to represent him at State expense. This petition was first tabled and later rejected by the Acting Governor. A similar motion was taken under advisement but was never acted upon by the Acting Governor and Executive Council. Consequently, King was forced to hire private counsel to represent him throughout the entire proceeding. As a result he incurred legal bills of $73,106.41.

After the removal petition was denied, a bill was introduced in the legislature seeking an appropriation of $70,000 to reimburse King for the legal fees and expenses he incurred in his defense. The bill was later amended to provide an appropriation not to exceed $44,547. It was then adopted by both the senate and the house of representatives. After the Governor vetoed the bill, both houses overrode the veto. In

his present petition for a writ of certiorari, King seeks the balance of $28,559.41 as an obligation due him by the State. In the past, we have held certiorari will be allowed to review administrative proceedings when the interests of justice so require. *Wilson v. Personnel Comm'n,* 117 N.H. 783, 378 A.2d 1375 (1977); *see Dixon v. State,* 105 N.H. 123, 193 A.2d 890 (1963).

RSA 4:1 (1970) (*amended* Cum. Supp. 1978), provided in pertinent part as follows:

> Except as otherwise specifically provided, no official of the state outside of the . . . classified service shall be discharged or removed except by the governor and council for malfeasance, misfeasance, or inefficiency in office, or incapacity or unfitness to perform his duties, or for the good of the department. . . . [T]he appointing authority of such official may petition the governor and council for his removal, setting forth the grounds and reasons therefor. The governor and council shall hold a public hearing upon such petition, giving due notice thereof to such official not less than thirty days before the hearing, and shall, if they find, upon due hearing, good cause for the removal of such official, order his removal from office.

Mr. King was appointed to the office of director in October 1965, for an indeterminate term. RSA 504:9. The State concedes that RSA 4:1 (1970) (*amended* Cum. Supp. 1978) provided Mr. King with a constitutionally created property interest; he was given an entitlement by the State and an expectation of the continuance of that entitlement. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). According to the terms of RSA 4:1 (1970) (*amended* Cum. Supp. 1978), this interest could only be taken away for certain specified reasons and only after notice of the charges against him and a public hearing before the Governor and Executive Council.

RSA 4:1 (1970) (*amended* Cum. Supp. 1978), while providing procedural safeguards for an official's property interest, also protects a vital and integral State interest; State officials can only be removed from office when cause exists. The State therefore manifests as strong an interest in maintaining the employment of qualified officials as it has in removing those for whom cause for removal exists. By defending himself in this removal proceeding, King was protecting an important State interest.

Several statutes demonstrate a legislative intention that counsel fees and expenses of a State official who defends a State interest

must be paid by the State. They include the following: RSA 7:8 provides that the attorney general of the State "shall, when requested, advise any State Board, commission . . . or officer as to questions of law relating to the performance of their official duties." RSA 7:9 provides that "[t]he governor and council may, in any action or proceeding, wherever pending, represent to the attorney-general that he should appear to protect the interests of the state or of the people, and thereupon it shall be his duty to appear." Finally RSA 7:12 provides that "[w]ith the approval of the governor and council, the attorney-general may employ counsel, attorneys . . . and other assistants in case of reasonable necessity, and may pay them reasonable compensation." Recently, RSA 4:1 was amended (Laws 1978, ch. 55:3), specifying the procedure to be followed in future removal proceedings under RSA 4:1. That amendment provides in pertinent part that "the [presiding] justice or master shall set an equal and reasonable legal fees rate for counsel to each of the parties involved." RSA 4:1 I (Cum. Supp. 1978). In our opinion, this amendment reaffirms and clarifies two points that are put forth in the various statutes cited above. That is, John King by asserting his defense was protecting a State interest and because of this, the State is obligated to pay his counsel fees and expenses. *Gagne v. Garrison Hill Greenhouse, Inc.*, 99 N.H. 292, 297–98, 109 A.2d 840, 843–44 (1954); 73 AM. JUR. 2d *Statutes* § 178 (1974). The State conceded that the law firm representing King is equal in quality to outside counsel for the board of probation, and that its hourly rates are properly computed at fifty dollars.

We hold that counsel should have been provided for plaintiff King at the expense of the State and that the Acting Governor and Executive Council erred in refusing to provide such counsel. The amount of the balance owed by King is not contested. We therefore hold that the State is under an obligation to pay $28,559.41 to the plaintiff. *Peter Salvucci & Sons, Inc. v. State*, 110 N.H. 136, 268 A.2d 899 (1970); RSA 491:8.

*So ordered.*

BOIS and BROCK, JJ., did not sit; the others concurred.