**Judith S. BASTIAN, Plaintiff, Appellant,**

v.

**Stephen M. KENNEDY, Defendant, Appellee.**

**No. 87–1084.**

United States Court of Appeals, First Circuit.

Heard June 3, 1987.

Decided Sept. 14, 1987.

Charles G. Douglas, III with whom McSwiney, Jones, Semple & Douglas, Concord, N.H., was on brief, for plaintiff, appellant.

Bruce E. Mohl, Deputy Atty. Gen., with whom Stephen E. Merrill, Atty. Gen., and Ronald F. Rodgers, Sr. Asst. Atty. Gen., Concord, N.H., were on brief, for defendant, appellee.

Donald J. Pfundstein, Bamberger & Pfundstein, and James A. Sweeney, Concord, N.H., on brief, for William S. Bartlett, Jr., President of the New Hampshire Senate, and W. Douglas Scamman, Jr., Speaker of the New Hampshire House of Representatives, amici curiae.

Before BREYER and TORRUELLA, Circuit Judges, and RE,[*] Judge.

TORRUELLA, Circuit Judge.

This case presents the question whether a state official was deprived of property without due process of law when her office was eliminated by legislation, when she was transferred to a newly created office that assumed the functions of her old office, and when she was not reappointed to her new office after one term. We affirm the dismissal of the case.

*Background*

Judith S. Bastian was appointed Director of Personnel for the State of New Hampshire on December 30, 1983, to serve for "no fixed term pursuant to chapter 98:9, [the authorizing statute for the Department of Personnel]," provided she was of good behavior. *See* N.H.Rev.Stat.Ann. ch. 98:9 (1977) (repealed 1986) (1986 Cum. Supp.). The Department of Personnel was scheduled to be "sunsetted" on July 1, 1985, under the normal procedure for New Hampshire state agencies mandated by the New Hampshire sunset law (i.e., unless the New Hampshire Legislature renewed the Department's authorizing legislation, the Department would be disbanded, and its authorizing statute repealed, nine months after that date). *See* N.H.Rev.Stat.Ann.

* Chief Judge of the United States Court of International Trade, sitting by designation.

ch. 17–G:5 (1986 Cum.Supp.). The legislature elected not to renew the authorizing statute. Instead, as part of an ongoing state government reorganization, it transferred the Department's functions to the newly created Division of Personnel in the Department of Administrative Services. *See* N.H.Rev.Stat.Ann. ch. 21–I:42 (1986 Cum.Supp.); 1986 N.H.Laws ch. 12.

The reorganization legislation designated Bastian as the first director of the division of personnel, her term to expire January 1, 1987. Shortly before the expiration of the term, the defendant Commissioner of Administrative Services informed Bastian that she would not be reappointed for another term. Bastian filed suit in the United States District Court for the District of New Hampshire alleging a violation of due process and seeking declaratory and injunctive relief. On January 21, 1987 the district court denied her request for a preliminary injunction, and on May 29, 1987, dismissed her case. Plaintiff appealed both actions.

*The Due Process Claim*

It is axiomatic that "[t]he requirements of due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Bastian asserts that she obtained a lifetime property interest in her employment when she was hired "for no fixed term," subject to good behavior, in 1983. To evaluate that assertion, we turn to the New Hampshire laws upon which she bases her claim. *See Roth,* 408 U.S. at 577–78, 92 S.Ct. at 2709–10.

Under New Hampshire law the former position of director of the personnel department was an "unclassified," "commissioned" position. Under the New Hampshire Constitution commissioned officers are entitled to the tenure "expressed in their respective commissions." Pt. 2, Art. 73, Constitution of New Hampshire. By statute unclassified officials may be removed during that tenure only for cause, "unless otherwise provided by law." N.H. Rev.Stat.Ann. ch. 4:1 (1986 Cum.Supp.);

see *King v. Thomson,* 119 N.H. 219, 400 A.2d 1169 (1979). Bastian's "legitimate claim of entitlement" to the position of director of the department, *see Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, then, was defined by her commission and the statutory cause requirement.

Bastian's commission specified her term of office as "no fixed term pursuant to chapter 98:9." At the time Bastian received her commission, chapter 98:9 was scheduled for repeal under the terms of the New Hampshire sunset law. Nine months after July 1, 1985, the personnel department would no longer exist and its authorizing statute (ch. 98:9) would be repealed, unless the legislature renewed the department. N.H.Rev.Stat.Ann. ch. 17–G:5 (Cum. Supp.1986). Thus, absent affirmative action by the legislature the tenure granted by Bastian's commission would expire in 1986.

The statutory cause requirement does not extend the tenure granted by the commission. Chapter 4:1 clearly states that unclassified employees may be removed for cause *and* as "otherwise provided by law." N.H.Rev.Stat.Ann. ch. 4:1 (1986 Cum. Supp.). Termination of the personnel department and, hence, all its employees, was provided by the sunset law. *See* ch. 17–G:5.

In allowing the office of Director of Personnel to expire, the legislature was exercising its power to abolish nonconstitutional offices. *See Hunt v. Personnel Commission,* 115 N.H. 713, 349 A.2d 605, 607 (1975). And in reorganizing the personnel functions and appointing Bastian to the new position, the legislature was exercising its constitutional power to define the duties and responsibilities of unclassified state employees. *See Opinion of the Justices,* 118 N.H. 7, 381 A.2d 1204, 1208 (1978). Upon the termination of her new term in 1987 Bastian had no legitimate claim of entitlement to the position cognizable under New Hampshire law. Thus, no process was due to her under the federal constitution. *See Roth,* 408 U.S. at 569, 92 S.Ct. at 2705.

*Conclusion*

Plaintiff's remaining claims similarly depend upon the recognition of a right to lifetime employment that vested at the time of her initial appointment in 1983. As she never possessed such a right, those claims, too, fail.

The decision of the district court is *affirmed.*