**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.  CC-15-1330-KiKuF |
| WILLIAM ROBERT NORRIE, | Bk. No.  2:13-bk-25751-BR |
| Debtor. | Adv. No.  2:15-ap-01362-BR |
| WILLIAM ROBERT NORRIE, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| KELLY MALLEN; JOHN PULOS, | |
| Appellees. | |

Submitted Without Oral Argument[2]
on June 23, 2016

Filed - July 21, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:    Appellant William Robert Norrie, pro se, on brief;
Paul R. Burns on brief for appellees Kelly T.
Mallen and John M. Pulos.

Before: KIRSCHER, KURTZ and FARIS, Bankruptcy Judges.

---

[1]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2]  On May 18, 2016, the Panel entered an order determining this appeal was suitable for disposition without oral argument. Fed. R. Bankr. P. 8019.

Appellant, chapter 7[3] debtor William Robert Norrie, appeals a judgment granting the motion of Kelly T. Mallen and John M. Pulos ("Creditors") to enforce a prior settlement between Creditors and the chapter 7 trustee and dismissing Debtor's motion to set aside a default judgment entered by the state court in 2010. Creditors have separately moved for sanctions against Debtor under Rule 8020, contending that the appeal is frivolous. We AFFIRM and GRANT the sanctions motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[4]

### A. Events leading up to Debtor's bankruptcy filing

Debtor's case has a long and contentious history. Creditors were tenants of Debtor, leasing a residence located in Manhattan Beach, California. In August 2010, Creditors sued Debtor, his entity Norrie Corporation, Mark Bliss and others in state court for breach of written contract, breach of the implied covenant of good faith and fair dealing, forcible entry and preliminary injunction (the "Landlord/Tenant Action"). Creditors alleged, among other things, that Debtor had engaged in acts of forcible entry into the residence and had breached the lease agreement by engaging in illegal rent skimming. On November 15, 2010, Creditors obtained a default judgment against Debtor, Norrie Corporation and Bliss, jointly and severally, for $18,585 (the

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] We have exercised our discretion to take judicial notice of the bankruptcy court's docket and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

-2-

"Landlord/Tenant Judgment").

In January 2012, Creditors filed and recorded an abstract of judgment for the Landlord/Tenant Judgment, which had grown to $31,530.00 including interest. In February 2012, Creditors filed an Acknowledgment of Satisfaction of Judgment as to Bliss, stating that the Landlord/Tenant Judgment had been satisfied in full. Creditors were later awarded postjudgment attorney's fees of $115,000 in connection with the Landlord/Tenant Judgment.

In response to the Landlord/Tenant Action, Debtor filed an unlawful detainer action against Creditors in state court in or around October 2010. It appears that action became part of the settlement between Creditors and Trustee.

In June 2012, Creditors filed a second civil action against Debtor and Norrie Corporation in state court (the "Fraud Action"). A copy of the complaint is attached to Creditors' initial proof of claim, Claim 1-1. In that case, Creditors asserted fraud and specific performance claims in connection with their purchase of the Manhattan Beach residence from Debtor. In an attempt to settle the Landlord/Tenant Judgment postjudgment, the parties agreed that Creditors would pay Debtor $88,000, forgive the Landlord/Tenant Judgment and provide Debtor with other consideration in exchange for Debtor's transfer of the residence to Creditors. Creditors alleged that they had performed under the agreement, but that Debtor had not performed and that he never intended to. The Fraud Action was pending when Debtor filed his bankruptcy case. Creditors pursued that action before the bankruptcy court (Adv. No. 2:13-01996), which ultimately entered terminating sanctions against Debtor for discovery violations and

-3-

a default judgment in favor of Creditors in June 2014.

**B.    The bankruptcy case and Trustee's settlement with Creditors**

Debtor filed a chapter 7 bankruptcy case on June 17, 2013.[5] Brad D. Krasnoff was appointed as trustee. Creditors filed an unsecured nonpriority claim for $31,530. Their claim was amended to include the postjudgment attorney's fees of $115,000 awarded in the Landlord/Tenant Action and a claim for $356,300.78 in damages respecting the Fraud Action, for a total claim of about $480,000.

In January 2014, the bankruptcy court authorized Trustee to sell Debtor's interest in Norrie Corporation to Creditors and to transfer to Creditors by quitclaim deed whatever interest Debtor's estate had in the Manhattan Beach residence. Debtor appealed the sale order to the BAP, which dismissed for lack of standing.

In October 2014, Trustee filed a motion to compromise controversy resolving the claims of Creditors against the estate ("Settlement Motion"). Under the proposed settlement agreement, Creditors would hold an allowed general unsecured nonpriority claim for $695,222.74. Upon payment of Creditors' claim, whether in full or in part, Creditors agreed to release any and all claims against Debtor in the Landlord/Tenant Action, the Fraud Action, and in the bankruptcy case. The agreement contained mutual releases, wherein the parties agreed to release any and all prepetition claims against each other (plus any of Debtor's claims

---

[5] This is not to be confused with Norrie Corporation, which has filed at least two chapter 11 cases in the Central District of California, one in May 2010 (an alleged involuntary case filed by Debtor's family members and dismissed in January 2011 for failure to prosecute, case no. 2:10-29146) and the other in February 2012 (dismissed in May 2012 with a 180-day refiling bar, case no. 2:12-15163).

-4-

against Norrie Corporation) arising from the Landlord/Tenant Action, the Fraud Action and "any other matter or claim that arose or transpired between the parties and that occurred prior to the [petition date] . . . and all other matters expressly or impliedly raised or related to therein." The parties also expressly waived all rights to any unknown claims against the other. The settlement agreement excluded any future sanctions actions against Debtor "related to any action currently pending in any State or Federal Court." Exclusive jurisdiction was reserved for the bankruptcy court to resolve any dispute under the agreement. According to the attached proof of service, Debtor was served with the Settlement Motion.

Without any opposition, the bankruptcy court approved the Settlement Motion as proposed on November 26, 2014 ("Settlement Order"). No appeal was taken.

In February 2015, the bankruptcy court entered an order finding Debtor in contempt of two prior bankruptcy court orders respecting his failure to produce documents and to appear for a Rule 2004 examination and ordering Debtor's arrest. During this same time, Debtor had sought sanctions against Creditors for filing a frivolous motion for relief from the automatic stay, when the stay had long been terminated. In its March 12, 2015 order denying Debtor's motion, the bankruptcy court found that while it had merit, Debtor's request for sanctions was denied based on his "disentitled fugitive" status. Because Debtor had recently fled to England in response to the contempt order to avoid arrest, the court determined that Debtor's fugitive status precluded him from bringing the motion. The court affirmed its "disentitled

-5-

fugitive" determination in an order entered on April 30, 2015, which denied Debtor's motion to purge his contempt.

**C. Debtor's Motion to Set Aside Void Judgment; Creditors' Notice of Removal; Debtor's Motion for Remand; Creditors' Motion to Enforce the Settlement Agreement and Dismiss the Motion to Set Aside Void Judgment**

On June 16, 2015, Debtor filed, pro se, in the Superior Court of California Los Angeles his Motion to Set Aside Void Judgment, seeking to set aside the Landlord/Tenant Judgment ("Motion to Set Aside"). Debtor claimed that Creditors obtained the judgment by default in November 2010 by intentionally failing to serve both Debtor and Norrie Corporation with the complaint and summons. According to Debtor, the filed proofs of service purported to show that Debtor was served (individually and as agent for Norrie Corporation) at the same time in two different locations. Clearly, argued Debtor, he could not have been in two places at once. Then, in what Debtor called a "lazy attempt to correct the patently dishonest Proof of Service," Creditors' counsel filed a corrected proof of service, claiming to have served both Debtor and Norrie Corporation at the same time at Debtor's residence. However, later in a Memorandum of Costs, Creditors' counsel stated that Norrie Corporation had been served at its place of business, not at Debtor's residence. Debtor alleged that both he and Norrie Corporation were unrepresented at the time of the suit and that he and his new attorney did not discover the lack of service of process until July 2014.

In addition to the lack of service, Debtor contended that the Landlord/Tenant Judgment entered in November 2010 violated the automatic stay, as he was in bankruptcy between October 2010 and

-6-

January 2011.[6] Therefore, it was void. Finally, Debtor contended that the Landlord/Tenant Judgment was satisfied by Bliss, so Debtor was no longer liable for it.

As for any alleged damages based on the Landlord/Tenant Judgment, Debtor contended, among other things, that he had been defrauded of ownership of Norrie Corporation, that the Manhattan Beach residence had been "stolen" from him, and that Creditors had been using the judgment to harass Debtor's family members and obtain "illegal" depositions from them, as well as deceive Trustee about their fraudulent proof of claim.

On July 8, 2015, Creditors timely filed their Notice of Removal under 28 U.S.C. § 1452.

The bankruptcy court then issued an order to show cause why removal of the Motion to Set Aside was proper and why the court should not abstain and remand the case. A status conference was set for August 25, 2015.

Creditors' response to the OSC included copies of: their abstract of judgment for the Landlord/Tenant Judgment; the order awarding them the $115,000 in attorney's fees and the dismissal of Debtor's appeal of that order; the settlement agreement with Trustee and Settlement Order; the Motion to Set Aside; the involuntary petition filed in Debtor's individual chapter 11 case in October 2010; excerpts of deposition transcripts from Debtor's family members taken in England in July 2014; and what Creditors' counsel referred to as the bankruptcy court's findings regarding

_____

[6] This case too was an involuntary chapter 11 case allegedly filed by Debtor's family members, which was also dismissed for lack of prosecution. Case no. 2:10-53949, filed October 13, 2010.

-7-

Creditors' previous motion to enforce the settlement agreement entered in March 2015. Creditors disputed Debtor's contention that he only discovered in July 2014 he was never served with the original complaint and summons. Debtor had been involved in multiple proceedings over the Landlord/Tenant Judgment since 2010. Further, the Landlord/Tenant Judgment had been final for years and all of Debtor's appeals had been dismissed. As for any alleged violation of the automatic stay, Creditors contended that the October 2010 involuntary bankruptcy filing was a sham because all of the petitioning creditors (Debtor's mother, father and brother) testified under oath they had no knowledge of the bankruptcy case or of the addresses Debtor wrote in for their alleged residences in the involuntary petition. Finally, Creditors disputed Debtor's standing to bring the Motion to Set Aside; Debtor's prepetition claims belonged to Trustee, and such claims were settled via the Settlement Order.

Creditors contended that removal of the Motion to Set Aside was proper because: (1) the motion required interpretation and enforcement of the settlement agreement, over which the bankruptcy court had exclusive jurisdiction; and (2) Debtor had only filed the "improper and frivolous motion" in state court to frustrate and evade the bankruptcy court's fugitive disentitlement order. Creditors requested attorney's fees per the terms of the settlement agreement.

In conjunction with their response to the OSC, Creditors moved to enforce the settlement agreement and requested dismissal of Debtor's Motion to Set Aside ("Motion to Enforce Settlement and Dismiss"). The motion set forth the same arguments and exhibits

-8-

as in Creditors' response to the OSC.

Debtor filed his motion for remand on August 3, 2015 ("Motion for Remand"). He contended that remand was mandatory and/or equitable because the Landlord/Tenant Action involved state law claims and the default Landlord/Tenant Judgment had been entered by the state court. Debtor contended that the settlement agreement was voidable because it was based upon the fraudulent Landlord/Tenant Judgment, and he disputed Creditors' assertion that he lacked standing to report fraud to the court. Debtor reiterated his arguments that he was never served with the original summons and complaint for the Landlord/Tenant Action and that the entry of the Landlord/Tenant Judgment had violated the automatic stay. He also disputed the admissibility of the deposition transcripts of his family members submitted by Creditors, arguing that Creditors had "no standing" to depose them. Finally, Debtor noted that the doctrine of fugitive disentitlement was a discretionary one, and he requested that the bankruptcy court not apply it given the seriousness of his fraud claims, particularly since he had made good faith attempts to purge the contempt.

Trustee filed a declaration in opposition to the Motion for Remand. He contended that the settlement agreement and Settlement Order remained valid and binding between the parties and that it was not subject to collateral attack by Debtor.

Creditors also opposed Debtor's Motion for Remand. They argued that Debtor lacked standing to bring the motion based on the Settlement Order, a final order which settled all known and unknown prepetition claims and which only the bankruptcy court

-9-

could review. Creditors contended that the bankruptcy court could summarily dismiss Debtor's Motion to Set Aside on the basis of its power to enforce the settlement agreement, as its terms were not in dispute.

Creditors also contended that remand was impermissible because any alleged violation of the automatic stay is a "core" proceeding that must be heard by the bankruptcy court. On that score, Creditors argued that Debtor's claim was frivolous; it was clear that Debtor had forged his family members' names and fraudulently filled in information on the involuntary petition. In any event, argued Creditors, any stay violation claim from November 2010 was a prepetition claim settled and released in the settlement agreement between Trustee and Creditors.

Creditors reiterated their argument disputing Debtor's claim that he was never served with the original summons and complaint. Contrary to Debtor's contention, he was not pro se at the time; his counsel had acknowledged the filing of the Landlord/Tenant Action in October 2010 phone and email communications with Creditors' counsel. In fact, Debtor's counsel had asked for an extension to file the answer. Creditors argued that Debtor's contention that he failed to receive notice of the Landlord/Tenant Action before the subsequent default judgment was entered was further undermined by the fact that the Landlord/Tenant Action was discussed in the unlawful detainer action Debtor had filed against Creditors around that same time. In addition, in a bankruptcy case Debtor had filed on behalf of Norrie Corporation in 2011 in the Southern District of California, he listed Creditors in Schedule F as holding an unsecured claim for $32,000, and he

-10-

listed the Landlord/Tenant Action in the Statement of Financial Affairs.

As for the alleged incorrect proof of service, Creditors argued that the document Debtor provided as evidence of lack of service was an unfiled, nonconformed proof of service for Norrie Corporation that contained a typographical error as to the address but not as to the date of service. Creditors explained that the address error was corrected in the proof of service actually filed and entered on the docket. In any event, no proof of service error existed as to Debtor, and he lacked standing to complain of any service errors for Norrie Corporation; he was no longer a stockholder of that entity. Finally, Creditors argued that no ground existed to relieve Debtor of his disentitled fugitive status. He had produced only a small fraction of the documents he had been repeatedly found in contempt for not producing.

Debtor then filed his opposition to the Motion to Enforce Settlement and Dismiss. This opposition was essentially identical to his Motion for Remand, raising the same issues and arguments.

**D.    Hearing on all pending motions and bankruptcy court's ruling**

Debtor did not appear at the combined hearing on the Notice of Removal, the Motion for Remand and the Motion to Enforce Settlement and Dismiss. As for the Notice of Removal, the bankruptcy court stated that it was keeping the Motion to Set Aside and asked Creditors' counsel to prepare an order. The court did not articulate any findings as to why removal of the Motion to Set Aside was proper. It also summarily denied the Motion for Remand.

Finally, the bankruptcy court granted the Motion to Enforce

-11-

Settlement and Dismiss, noting that the Settlement Order was binding, that Debtor's Motion to Set Aside was frivolous and finding that Debtor had actual notice of the Landlord/Tenant Action. The court also awarded Creditors their requested attorney's fees. Finally, the court noted that although it was ruling on the merits, Debtor's status as a disentitled fugitive was another ground for dismissing his Motion to Set Aside. Counsel for Creditors agreed to submit the orders and proposed findings and conclusions for the court to consider.

The bankruptcy court entered its written findings of fact and conclusions of law for the Motion to Enforce Settlement and Dismiss on September 14, 2015. Determining that it had jurisdiction over the settlement agreement and final Settlement Order, the court found that Debtor's claims of lack of service of process for the Landlord/Tenant Action, satisfaction of the Landlord/Tenant Judgment by Bliss and any alleged violation of the automatic stay were part of the settlement agreement between Trustee and Creditors; thus, any such prepetition claims relating to that action were barred. The court rejected Debtor's claim of lack of service of process as not credible and found that Debtor had been served with the summons and complaint. Finally, the court awarded Creditors their requested attorney's fees of $18,387.50 as contemplated by the settlement agreement, finding that Debtor's Motion to Set Aside was frivolous. No findings were provided with respect to the Notice of Removal or the Motion for Remand.

Also on September 14, 2015, the bankruptcy court entered two orders: an order granting Creditors' Notice of Removal; and an

-12-

order denying Debtor's Motion for Remand.

Debtor filed a notice of appeal of the bankruptcy court's "findings and conclusions" on September 28, 2015. As for the Motion to Enforce Settlement and Dismiss, the bankruptcy court entered a separate judgment on October 14, 2015. Thus, Debtor's premature notice of appeal was deemed timely once the judgment was entered on October 14.[7] Rule 8002(a).

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Does Debtor have standing to challenge the judgment respecting the Motion to Enforce Settlement and Dismiss?

2. Did the bankruptcy court abuse its discretion in granting the Motion to Enforce Settlement and Dismiss and in sanctioning Debtor?

3. Is an award of sanctions against Debtor warranted under Rule 8020 for a frivolous appeal?

## IV. STANDARDS OF REVIEW

Questions of standing are reviewed de novo. Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 879 (9th Cir. 2012).

We review the bankruptcy court's enforcement of a settlement

---

[7] Debtor believes that he is also appealing the order denying remand, but we disagree. Debtor appealed only the "findings and conclusions" entered on September 14, 2015, and they do not make any direct findings as to the Motion for Remand, noting only that it was dismissed by separate order. The reasons why the Motion for Remand was denied are contained in that order, which Debtor did not appeal.

-13-

agreement for abuse of discretion. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). All aspects of a bankruptcy court's award of sanctions are reviewed for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). The court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A. Debtor lacks standing to pursue this appeal as it relates to the judgment for the Motion to Enforce Settlement and Dismiss but not as to the sanctions awarded.**

**1. Requirements for standing**

Creditors contend that Debtor lacks standing to challenge the bankruptcy court's decision to enforce the settlement agreement and dismiss his motion to set aside the default judgment. Because standing is a jurisdictional requirement and open to review at all stages of the litigation, we must consider the issue once raised. Nat'l Org. For Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994); Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv., 807 F.3d 1031, 1043 (9th Cir. 2015).

To have standing to appeal a decision of the bankruptcy court, an appellant must show that it is a "person aggrieved" who was directly and adversely affected pecuniarily by an order of the bankruptcy court. Darby v. Zimmerman (In re Popp), 323 B.R. 260, 265 (9th Cir. BAP 2005) (internal quotation marks and citations omitted). A "person aggrieved" is someone whose interest is directly affected by the bankruptcy court's order, either by a diminution in property, an increase in the burdens on the

-14-

property, or some other detrimental effect on the rights of ownership inherent in the property. Id. The burden is on Debtor to establish his standing for this appeal. Ctr. for Biological Diversity, 807 F.3d at 1043.

**2. Enforcement of settlement agreements**

A bankruptcy court, as a court of equity, has the power to summarily enforce settlements. City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.), 22 F.3d, 954, 958 (9th Cir. 1994). However, the bankruptcy court has no discretion to enforce a settlement where material facts concerning the existence or terms of the settlement agreement are in dispute, or where a settlement agreement was procured by fraud; an evidentiary hearing must be held to resolve such issues. Id. at 957-58; Callie, 829 F.2d at 890.

Because a motion for summary enforcement of a settlement is akin to a motion for summary judgment, it should be treated as such. In re City Equities, Ltd., 22 F.3d at 958-59 (citing Tiernan v. Devoe, 923 F.2d 1024, 1031-32 (3d Cir. 1991) (likening motion to enforce settlement to motion for summary judgment)). Rule 7056 incorporates Civil Rule 56, which provides for summary judgment where no material factual dispute exists. Although Debtor would argue to the contrary, no material factual dispute respecting the settlement agreement existed. Debtor was unable to put any material facts in dispute because he lacked standing to bring the claims raised in his Motion to Set Aside, which were covered by the settlement agreement.

**3. Analysis**

Under § 541(a)(1), a bankruptcy estate consists of "all legal

-15-

or equitable interest of the debtor in property as of the commencement of the case."[8] This includes legal claims or causes of action held by the debtor, such as prepetition tort claims. Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 205 & n.9 (1983)). As a result, when Debtor filed his chapter 7 case, his estate became the owner of all of his property, including claims or interests that accrued as a result of his prepetition litigation with Creditors. Because the legal claims and causes of action are part of the chapter 7 estate, absent abandonment, Trustee is the real party in interest with exclusive standing to assert, enforce or settle them. He settled them.

In the settlement agreement between Trustee and Creditors, the parties agreed to release any and all prepetition claims against each other arising from the Landlord/Tenant Action, the Fraud Action and "any other matter or claim that arose or transpired between the parties and that occurred prior to the [petition date] . . . and all other matters expressly or impliedly raised or related to therein." They even agreed to waive any and all unknown prepetition claims against the other. Therefore, the claims that Debtor attempted to raise in his Motion to Set Aside – i.e., lack of service of process of the Landlord/Tenant Action, violation of the automatic stay in November 2010 and satisfaction of the Landlord/Tenant Judgment by Bliss — are all prepetition claims which belonged to the estate and which were settled by

_____

[8] Section 541(b) lists exclusions from this broad definition, none of which are asserted to be applicable here.

-16-

Trustee, the estate's representative. Thus, Debtor lacked standing to raise any of these claims before the bankruptcy (or any other) court.

Consequently, Debtor lacks standing to appeal the bankruptcy court's decision, at least with respect to its ruling to enforce the settlement and dismiss his Motion to Set Aside, because he was not directly and adversely affected pecuniarily by the judgment.[9]

However, Debtor does have standing to appeal the sanction of attorney's fees awarded to Creditors, because he has a direct pecuniary interest in the outcome of that portion of this appeal. Kowalski-Schmidt v. Forsch (In re Giordano), 212 B.R. 617, 622 (9th Cir. BAP 1997), aff'd in part, rev'd in part on other grounds by In re Giordano, 202 F.3d 277 (9th Cir. 1999) (Table) 1999 WL 1054726 (Nov. 19, 1999). The bankruptcy court awarded Creditors $18,387.50 for attorney's fees and costs incurred in defending against Debtor's Motion to Set Aside as a sanction for his "frivolous" claims and, alternatively, awarded fees and costs based on the attorney's fees clause in section 7.0 of the settlement agreement. The court found the fee request to be reasonable and granted it in full.

Debtor makes no arguments with respect to the sanctions award. Nonetheless, we conclude that the bankruptcy court did not abuse its discretion. To support its determination that Debtor's Motion to Set Aside was "frivolous" and sanctions were warranted, the court found that (1) Debtor lacked standing to bring his

---

[9] We take no position on the bankruptcy court's alternative ruling that Debtor's Motion to Set Aside was dismissed due to his status as a disentitled fugitive.

-17-

alleged claims as they had been settled by Trustee, (2) his allegation of lack of service of process four years after the fact was false, (3) the involuntary chapter 11 case filed in October 2010 purportedly by Debtor's family members was a forgery, and (4) therefore no stay violation could have occurred when the Landlord/Tenant Judgment was entered on November 15, 2010. We perceive no clear error in those findings that support the sanctions award. In finding no clear error in the above findings, we conclude it is unnecessary to consider the bankruptcy court's alternative ruling based on the attorney's fees clause in section 7.0 of the settlement agreement.

**B.    Sanctions against Debtor are warranted under Rule 8020.**

Finally, we consider Creditors' motion for sanctions against Debtor for attorney's fees. Creditors contend that sanctions are warranted because: (1) the appeal is frivolous as the results are obvious; (2) Debtor's arguments of error by the bankruptcy court are wholly without merit; and (3) Debtor's appeal improperly requests that this panel validate the forged involuntary petition and become Debtor's ally in committing bankruptcy fraud and crimes. In sum, Creditors contend that the instant frivolous appeal is merely a continuation of Debtor's extraordinary and extensive abuse of bankruptcy law and the system. They contend that sanctions are necessary to deter such conduct.

Rule 8020(a) provides that "[i]f the . . . BAP determines that an appeal is frivolous, it may, after a separately filed motion . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous where the result is obvious or the appellant's arguments

-18-

are wholly without merit. First Fed. Bank of Cal. v. Weinstein (In re Weinstein), 227 B.R. 284, 297 (9th Cir. BAP 1998).

Considering the record before us, we conclude that Creditors are entitled to sanctions under Rule 8020. Debtor's appeal is both meritless and frivolous, justifying the imposition of sanctions. Debtor's arguments are not supported by specific references to the record and are groundless. Much of his time was spent arguing the merits of the Motion to Remand and the order denying that motion, which are not before us. He also failed to provide an accurate or complete description of the facts, which distorts the record. His appendix is disorganized and incomplete. Finally, he utterly failed to address the most important issues: that he had standing to assert the claims he did in the Motion to Set Aside and how the bankruptcy court erred in determining that his claims were frivolous, a determination with which we do not find error. See Maloni v. Fairway Wholesale Corp. (In re Maloni), 282 B.R. 727, 734 (1st Cir. BAP 2002) (when issuing sanctions, Panel may consider whether appellant's arguments effectively address the issues on appeal, fail to cite any authority, cite inapplicable authority, make unsubstantiated factual assertions, assert bare legal conclusions, or misrepresent the record).

"If we determine that an appeal is frivolous, then damages and single or double costs may be awarded to the appellee." Burkhart v. Fed. Deposit Ins. Corp. (In re Burkhart), 84 B.R. 658, 661 (9th Cir. BAP 1988). In conjunction with the sanctions motion, Creditors' attorney Paul Burns filed a declaration stating his hourly rate and the number of hours he spent defending against Debtor's appeal and for the sanctions motion, for a total of

$19,687.50. He did not request costs.

We exercise our discretion and GRANT Creditors' sanctions motion and award Creditors their attorney's fees for this appeal. However, before we will award a dollar amount, Mr. Burns is ORDERED to file with the BAP Clerk in Pasadena, CA, an affidavit along with other records bearing upon the fees earned in this appeal on or before August 4, 2016. Upon our review of these records, the amount of the award shall be established by a separate order. Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 657 (9th Cir. 1984).

## VI. CONCLUSION

Debtor lacks standing to pursue this appeal as it relates to the bankruptcy court's judgment for the Motion to Enforce Settlement and Dismiss. However, because he is liable for the sanctions the bankruptcy court issued, he has standing to pursue that portion of this appeal. We find no error in the imposition of sanctions. Accordingly, the judgment for the Motion to Enforce Settlement and Dismiss is AFFIRMED. We further GRANT Creditors' sanctions motion under Rule 8020 for Debtor's frivolous appeal. A separate order for that award will follow once the Panel receives the required records from Mr. Burns.

-20-